IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01615-REB-MEH

MARICRUZ SANCHEZ,

    Plaintiff,

v.

JOAN M. MILLER,

    Defendant.

---

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendant Joan M. Miller's Motion to Dismiss or, in the Alternative, to Quash Service and Objection to Venue [filed September 11, 2015; docket #8]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1(c), the matter is referred to this Court for recommendation [docket #9]. The motion is fully briefed, and oral argument would not materially assist the Court in its adjudication. For the reasons that follow, the Court respectfully recommends that Miller's motion be **granted**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th

## BACKGROUND

Plaintiff Maricruz Sanchez brings this action pursuant to the Colorado Organized Crime Control Act (COCCA), Colo. Rev. Stat. § 18-17-103, alleging operation of a criminal enterprise against Defendant Joan M. Miller, who is an employee of American Family Mutual Insurance Company ("American Family"), arising from her conduct in handling a claim asserted by Plaintiff. Plaintiff filed a similar claim against American Family in Weld County, Colorado district court (*Maricruz Sanchez v. American Family Insurance Company, et al.*, 2011CV368 (Weld County)), which was dismissed on summary judgment. In that case, Plaintiff alleged the following acts as violations of COCCA by American Family:

1. Manipulating the terms of an insurance contract (between American Family and Weld County), under which Plaintiff was seeking insurance benefits;

2. Failing to provide an accurate copy of the insurance contract;

3. Adding unauthorized endorsements to the insurance contract in connection with a 2010 sworn affidavit (amounting to forgery);

4. Engaging in forgery by providing three separate false or inaccurate insurance contracts, including false or inaccurate sworn verification pages (including providing two specific versions of the insurance contract which differ in content; and

5. Engaging in a long and repeated pattern of activities involving alteration of insurance contracts in order to defeat claims.

American Family represents that their employee who allegedly engaged in these activities is Defendant Miller acting in her representative capacity. In the present case, Plaintiff alleges the same sort of wrongdoing and names Defendant Miller in her individual capacity.

Defendant filed the present Motion to Dismiss in response to Plaintiff's Complaint, arguing

---

Cir.1991)).

that Plaintiff's claims against her should be dismissed for (1) insufficient service of process, and (2) lack of personal contacts with Colorado, or, in the alterative, that the case should be transferred to Minnesota.

Regarding service of process under Fed. R. Civ. P. 12(b)(5), Defendant argues that there has never been personal service in this case; rather, Plaintiff's only attempt at service upon her occurred on August 21, 2015, at an American Family office in Eden Prairie, Minnesota, when a Hennepin County, Minnesota deputy sheriff handed a copy of the complaint and summons to Darwin Williams, an in-house attorney for American Family. Motion at 2. Ms. Miller has presented her own affidavit and that of Mr. Williams stating that he does not represent her in any fashion. Plaintiff counters that the process server was told by Mr. Williams that "he was authorized to take the papers on her (Joan Miller's) behalf. Mr. Williams stated that he was authorized and will bring the civil papers to his office and then get them to who will review this case. The papers were given to him." Objection at 2. Plaintiff provides nothing to dispute the allegation that in this individual capacity lawsuit, attorney Williams was not Defendant's agent for service of process purposes.

Regarding *in personam* jurisdiction in Colorado under Fed. R. Civ. P. 12(b)(2), Defendant argues that merely being an American Family employee who worked on Plaintiff's claim (Plaintiff being a citizen in Colorado) and doing the same on other occasions with other Colorado residents who have American Family policies or are making claims against an American Family policy, is insufficient to establish jurisdiction over her in Colorado. Plaintiff alleges numerous acts by Defendant concerning the Colorado insurance policy under which Plaintiff was making a claim. Specifically, Plaintiff alleges that Defendant certified four differing versions of the same policy that was related to the traffic accident involving Plaintiff. Plaintiff also raises affidavits that Defendant

3

executed for use in the underlying personal injury action in Colorado state court.

Finally, Defendant asserts that she resides in Minnesota and all her acts to which Plaintiff objects were performed in Minnesota; therefore, venue should be transferred to that forum. Plaintiff contends that all of Defendant's allegedly wrongful actions had their impact in Colorado, and that all the relevant witnesses in the underlying personal injury event are in Colorado.

Although Defendant's argument concerning insufficient contacts is strong, because I believe that service of process was insufficient as a matter of law, I will address only dismissal under Fed. R. Civ. P. 12(b)(5).

## LEGAL STANDARD

Rule 12(b)(5) allows a defendant to defend against a claim based upon insufficiency of service of process. *Whitsell v. United States*, 198 F.3d 260, 1999 WL 987355, at *1 (10th Cir. Nov. 1, 1999) (unpublished) (citing Fed. R. Civ. P. 12(b)(5)). "A Rule 12(b)(5) motion is the proper vehicle for challenging" the sufficiency of the service of process, *i.e.,* "the mode of delivery or lack of delivery of the summons and complaint." *See* 5B Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ. 3d* § 1353 (2008 Supp.). "In opposing a motion to dismiss for insufficient service of process, plaintiff bears the burden to make a *prima facie* case that he has satisfied statutory and due process requirements so as to permit the court to exercise personal jurisdiction over defendant." *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008).

That is, a plaintiff must demonstrate that the procedure employed by him has satisfied the requirements of the relevant portions of Rule 4 of the Federal Rules of Civil Procedure. *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987). Where a plaintiff does not meet this burden, a court may dismiss for failure to properly serve or it may quash the process without dismissing the action and

give the plaintiff an opportunity to re-serve the defendant. *Pell v. Azar Nut Co., Inc.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983) ("when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant").

## ANALYSIS

Service of process is governed by Fed. R. Civ. P. 4. An individual may be served within a judicial district of the United States by following state law where the district court is located or where service is made, or by (1) delivering copies of the summons and complaint to the individual personally, (2) leaving copies at the individual's dwelling or usual place of abode with someone of suitable age who lives there, or (3) delivering copies to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e). In defending a motion to dismiss for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5), the "plaintiff bears the burden to make a *prima facie* case that he has satisfied statutory and due process requirements so as to permit the court to exercise personal jurisdiction over defendant." *Fisher*, 531 F. Supp. 2d at 1260.

Plaintiff does not even contend that attorney Williams is an "agent authorized by law" within the meaning of Rule 4(e)(2)(C), but only that he represented himself as such. Therefore, the requirements of the federal rules have not been met. Further, however, Fed. R. Civ. P. 4(e)(1) permits service that complies with Colorado state law. Under Colorado law, a plaintiff may serve an individual at their usual workplace, with the person's supervisor, secretary, administrative assistant, bookkeeper, human resources representative or managing agent. Colo. R. Civ. P. 4(e)(1). Defendant contends, without contradiction by Plaintiff, that attorney Williams was none of these. In fact, he does not even know Joan M. Miller. Therefore, Defendant has not been properly served.

Although the general rule is that "when a court finds that service is insufficient but curable,

it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant," *Pell v. Azar Nut Co.,* 711 F.2d 949, 950 n. 2 (10th Cir.1983), in a case such as this, in which Defendant has strong arguments that allowing Plaintiff to effect proper service of process would be futile (because her claims could not survive other bases for dismissal or transfer, including *res judicata* based on the Weld County action), outright dismissal without prejudice is warranted. *Pounds v. Dep't of the Interior*, 9 F. App'x 820, 821 n.2 (10th Cir. May 16, 2001) (affirming dismissal in such a circumstance).

Specifically, granting leave for Plaintiff to re-serve the Defendant would be futile because the Complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6). *See Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991) ("Although dismissals under Rule 12(b)(6) typically follow a motion to dismiss ..., a court may dismiss sua sponte when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.") (citations omitted).  Because futility is based on whether a claim could survive a motion to dismiss, the applicable standards for resolving a motion to dismiss are relevant here. The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That is, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *TON Servs., Inc. v. Qwest Corp.*, 493 F.3d 1225, 1236 (10th Cir. 2007).  "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).

Here, Plaintiff brought her COCCA claims against American Family, making the same allegations as those contained in the state court action. What Plaintiff could not achieve by suing the company, she is now trying to achieve in a successive lawsuit by suing an individual employee. The doctrine of res judicata will prohibit Plaintiff from pursuing this lawsuit.

> Res judicata, or claim preclusion, "operates as a bar to a second action on the same claim as one litigated in a prior proceeding when there is a final judgment, identity of subject matter, claims for relief, and parties to the action." *City & County of Denver v. Block 173,* 814 P.2d 824, 830 (Colo. 1991). Res judicata binds parties to the action and persons in privity with such parties. *Denver v. Consolidated Ditches Co.,* 807 P.2d 23, 32 (Colo. 1991); *People v. Hearty,* 644 P.2d 302, 312 (Colo. 1982). The doctrine not only bars litigation of issues actually decided but also any issues that should have been raised in the first proceeding but were not.

*S.O.V. v. People in Interest of M.C.*, 914 P.2d 355, 358 (Colo. 1996). Reviewing the state court complaint (provided by the Defendant)[2] in the context of a futility analysis and comparing it with the allegations in the current case, it is clear that there was a prior final judgment (which has now been affirmed by the Colorado Court of Appeals in an order dated September 25, 2015); the subject matter is identical; the claims for relief are the same; and Defendant Miller was in privity with her employer, American Family. Based on prevailing case law, I believe justice requires dismissal of

---

[2] "Exhibits attached to a complaint and matters of public record are properly treated as part of the pleadings for purposes of ruling on a motion to dismiss." *Erikson v. Farmers Group, Inc.*, 151 F. App'x 672, 675 (10th Cir. 2005) (citing *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n. 1 (10th Cir.2004) and *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir.2001).

this case without prejudice and without leave to re-serve the Defendant.

## **CONCLUSION**

The Plaintiff has not met her burden of demonstrating a *prima facie* showing that she has satisfied statutory and due process requirements so as to permit the court to exercise personal jurisdiction over Defendant. Accordingly, the Court RECOMMENDS that Defendant Joan M. Miller's Motion to Dismiss or, in the Alternative, to Quash Service and Objection to Venue [filed September 11, 2015; docket #8] be **granted**, and that this case be dismissed without prejudice.

Respectfully submitted this 9th day of December, 2015, at Denver, Colorado.

                                    BY THE COURT:

                                    *Michael E. Hegarty*

                                    Michael E. Hegarty
                                    United States Magistrate Judge