**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.  15-cv-01615-REB-MEH

MARICRUZ SANCHEZ,

    Plaintiff,

v.

JOAN M. MILLER,

    Defendants.

---

**ORDER RE: OBJECTIONS TO RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

**Blackburn, J.**

The matters before me are (1) the **Recommendation of United States Magistrate Judge** [#19],[1] filed December 9, 2015; (2) and plaintiff's **Objection to Magistrate Recommendation Re Dismissal** [#26], filed January 11, 2016.  I overrule the objection in part and sustain it in part, and, concomitantly, adopt in part and reject in part the recommendation to which the objection pertains.  Substantively, I grant defendant's motion insofar as it objects to venue in this district and transfer this case to a district in which venue is proper.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and have considered carefully the recommendation; plaintiff's objections; the arguments presented in the underlying

---

[1] "[#19]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

motion, response, and reply; and all applicable caselaw.  Although I agree with the magistrate judge's conclusion that plaintiff has failed to sustain her burden to demonstrate proper service of process on defendant, I respectfully must reject his suggestion that this case be dismissed with prejudice on the ground that any attempt to cure the insufficiency would be futile because plaintiff's claim is barred by *res judicata*.[2]  Nevertheless, I find merit in defendant's alternative argument that venue is improper in this district, and thus grant the motion on that basis and transfer the case to a district in which venue is proper.

In 2011, plaintiff filed an action in the District Court of Weld County, Colorado, (***Maricruz Sanchez v. American Family Insurance Co., et al.***, 2011CV368) against American Family Mutual Insurance Company ("American Family") and others in which she alleged, *inter alia*, that American Family engaged in a pattern of manipulating the terms and conditions of insurance policies to defeat coverage, in violation of the Colorado Organized Crime Control Act ("COCCA"), § 18-17-103, C.R.S.  (**See Def. Resp. App.**, Exh. 1 ¶¶ 50-58 at 8-10.)  That case was dismissed on summary judgment, and plaintiff's subsequent appeal (*see* **Def. Motion App.**, Exh. 2) and petitions for writ of certiorari were denied (***Sanchez v. American Family Insurance Co.***, 2015 WL 9269439 (Colo. Dec. 21, 2015), ***and*** 2015 WL 9269448 (Colo. Dec. 21, 2015).  Plaintiff now brings a COCCA claim against defendant – an employee of American Family who

---

[2] In current usage, the term "*res judicata*" refers to claim preclusion and issue preclusion collectively.  **See Taylor v. Sturgell**, 553 U.S. 880, 892 & n.5, 128 S. Ct. 2161, 2171 & n.5, 171 L. Ed. 2d 155 (2008); ***Migra v. Warren City School District Board of Education***, 465 U.S. 75, 77 n.1, 104 S. Ct. 892, 894 n.1, 79 L. Ed. 2d 56 (1984).  I use the term here in its narrower, traditional sense, that is, to refer exclusively to the preclusion of claims previously litigated.  **See Migra**, 104 S. Ct. at 894 n.1.  **See also** 18 C. Wright, A. Miller, & E. Cooper, **Federal Practice and Procedure** § 4402 (1981) (referring to "claim preclusion" as "true *res judicata*").

certified various copies of relevant insurance policies – individually, attempting to overcome the infirmity in her prior suit against American Family.[3]

By the instant motion, defendant moved to dismiss on the bases of insufficient service of process and lack of personal jurisdiction over defendant in this forum. The magistrate judge agreed that plaintiff's attempted service on defendant was improper and thus ineffectual, but considered further whether such insufficiency was curable. *See Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983).[4] He concluded that ultimately it was not because plaintiff's COCCA claim was barred by *res judicata*, making any attempt at proper service in this matter futile. *See Pounds v. Department of the Interior*, 9 Fed. Appx. 820, 821 n.2 (10th Cir. 2001).

With respect, I must reject that conclusion. As the magistrate judge noted, where, as here, the defendant was not a party to the prior action, application of *res judicata* requires, *inter alia*, privity between the defendant and a party to the prior adjudication. *See Manka v. Martin*, 614 P.2d 875, 879 (Colo. 1980). "The

---

[3] A copy of the state district court's summary judgment opinion is not part of the record before me. Nevertheless, it appears undisputed that the court granted the motion based on a lack of "distinctiveness" between American Family and the alleged enterprise. *See Cedric Kushner Promotions, Ltd v. King.*, 533 U.S. 158, 162, 121 S.Ct. 2087, 2090, 150 L.Ed.2d 198 (2001) (interpreting federal Racketeer Influenced and Corrupt Organizations Act ("RICO")). *See also People v. Pollard*, 3 P.3d 473, 476 (Colo. App. 2000) ("Because COCCA is patterned after [RICO], federal decisions construing RICO may be instructive upon similar issues arising under the state statute.") (internal citations omitted).

[4] Plaintiff's objection to this portion of the recommendation appears to rely on a hybrid argument incorporating elements of a "substantial justification" rationale with allegations that defendant actively evaded service of process. As to the first part of this argument, plaintiff provides no legal authority supporting a conclusion that substantial compliance is sufficient service under Colorado law. *See Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (court need not consider inadequately briefed arguments), *cert. denied*, 122 S.Ct. 1203 (2002); *Clough v. Astrue*, 2012 WL 2224197 at *11 (D. Utah June 14, 2012) (same). As to the second, there is absolutely no evidence suggesting defendant ever attempted to evade service of process in this matter.

determination of identity between litigants for the purpose of establishing privity is a factual question." ***Lowell Staats Mining Co. v. Philadelphia Electric Co.***, 878 F.2d 1271, 1276 (10th Cir. 1989) (citation and internal quotation marks omitted).  The magistrate judge's positive assertion that defendant was in privity with her employer, however, is not supported by any analysis of the plausible factual allegations of the complaint, which in the present procedural posture of this case, must be accepted as true.  ***See Robbins v. Oklahoma***, 519 F.3d 1242, 1248 (10th Cir. 2008).

Examining those allegations, I note that plaintiff claims, relevantly, that defendant is personally liable for certifying or otherwise verifying the insurance policies as true and correct when they were inaccurate and incomplete.  (***See, e.g.***, **Complaint** ¶ 138 at 26.)  Indeed, plaintiff's entire purpose in naming defendant individually appears to have been to overcome the state court's determination that American Family itself could not be both the racketeering "enterprise" and a "person" who conspired with that enterprise.  (***See supra*** n.3.)  Such allegations are both plausible and sufficient, if true, to negate an inference of privity between defendant and her employer.  ***See Lowell Staats Mining***, 878 F.2d at 1276; ***Morgan v. City of Rawlins***, 792 F.2d 975, 980 (10th Cir. 1986).  ***See also Gonzales v. Hernandez***, 175 F.3d 1202, 1206 (10th Cir. 1999) (applying similar principle to government entities and their officers when sued in their personal capacities).[5]  I thus respectfully reject the magistrate judge's recommendation to dismiss

---

[5] Indeed, under the comparable federal RICO statute, the Supreme Court has found that a corporate employee, "a natural person, is distinct from the corporation itself, a legally different entity with different rights and responsibilities due to its different legal status." ***See Cedric Kushner Promotions***, 121 S.Ct. at 2091.  Similarly, under COCCA, "[i]t is unlawful for any person employed by, or associated with, any enterprise to knowingly conduct or participate, directly or indirectly, in such enterprise through a pattern of racketeering activity."  § 18-17-104(3), C.R.S.

4

plaintiff's COCCA claim with prejudice on the basis of *res judicata*.

Nevertheless, defendant's motion also raised the issue of the court's putative lack of personal jurisdiction over defendant in this forum, as well as an argument that under 28 U.S.C. § 1391(b), venue was improper in this district. Although the magistrate judge did not consider these aspects of the motion, as the person to whom "the ultimate adjudicatory determination [is] reserved," I may. **United States v. Raddatz**, 447 U.S. 667, 676, 100 S. Ct. 2406, 2412-13, 65 L. Ed. 2d 424 (1980). Having considered these alternative arguments, I conclude that, even assuming *arguendo* the assumption of personal jurisdiction over defendant in this forum were warranted, venue in this district nevertheless is improper.

The federal venue statute provides:

> A civil action may be brought in –
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The burden of proof rests with plaintiff to establish that venue is proper in this district. **Wempe v. Sunrise Medical HHG, Inc.**, 61 F.Supp.2d 1165, 1172 (D. Kan. 1999).

Under section 1391(b)(1), venue would be proper in Minnesota, where the only defendant resides, but not in this district. Moreover, because section 1391(b)(3) merely "provides a fallback option" if venue is not proper under either of the first two subsections, *see Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas*, – U.S. –, 134 S. Ct. 568, 578, 187 L. Ed. 2d 487 (2013), the only remaining question is whether, as contemplated by section 1391(b)(2), "the forum activities played a substantial role in the circumstances leading up to the plaintiff's claim." *DP Precise, LLC v. Phoenix Insurance Co.*, 2013 WL 2378561 at *2 (D. Colo. May 30, 2013) (citation and internal quotation marks omitted). For venue to be proper under this subsection, "[t]he forum activities must have been events significant to the plaintiff's claims." *Id.*

Of course, determination of proper venue does not require the court to choose the best venue or determine which forum has the most, or most significant, contacts with plaintiff's claims. *KEBD Enterprises, LLC v. Hider* 2009 WL 1504748 at *6 (D. Colo. May 26, 2009). Moreover, in general, "unless the balance is strongly in favor of the movant, the plaintiff's choice of forum should rarely be disturbed." *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (citation and internal quotation marks omitted). Nevertheless, courts will "accord little weight to a plaintiff's choice of forum where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum." *Employers Mutual Casualty Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1168 (10th Cir. 2010) (citation and internal quotation marks omitted).

This exception is clearly implicated in this case. The gravamen of this suit involves defendant's actions in allegedly certifying insurance policies she knew to be

incomplete, inaccurate, or otherwise false and/or fraudulent.  Defendant avers, without contradiction, that she works for American Family from its offices in Eden Prairie, Minnesota, and that the people with whom she primarily interacts in the course of her work are located in Minnesota as well.  (**Def. Motion App.**, Exh. 4 ¶¶ 3 & 4 at 1.)  Most critically, she states that she performed all work related to the insurance claim made by plaintiff, which forms the basis of this lawsuit, in Minnesota.  (*Id.*, Exh. 4 ¶ 5 at 1.)  There is no allegation or evidence suggesting that defendant took any relevant or substantial actions related to the events of this lawsuit in Colorado.[6]

That these alleged misdeeds implicated Colorado insurance policies and plaintiff's prior Colorado state lawsuit challenging those policies[7] are of marginal, if any, relevance.  Section 1391(b)(2) inquires where the events giving rise to the suit occurred, not where their effects later may have been realized or felt.  Nor do the allegations concerning defendant's actions in forwarding a copy of an additional, undisclosed endorsement to plaintiff's policy to American Family's in-house counsel in Denver, Colorado, convince me that Colorado has the type of significant connection to the gravamen of this lawsuit as would justify the usual deference to plaintiff's choice of forum.  *See DP Precise, LLC*, 2013 WL 2378561 at *3; ***Pinnacle Realty Management. Co. v. National Union Fire Insurance Co. of Pittsburgh, PA***, 2007 WL 1970275 at *3

---

[6] Although the complaint also contains allegations related to a deposition defendant gave in the prior lawsuit, there is nothing on the record before me which establishes where this deposition took place. Assuming *arguendo* that the deposition did occur in Colorado, I would not find this type of action sufficiently significant to make Colorado a proper venue in the circumstances of this case, as defendant is alleged merely to have reiterated at her deposition the same misstatements regarding the scope and nature of the policy that originally gave rise to the suit.

[7] The actions of American Family's Colorado-based lawyers in connection with the underlying litigation are not attributable to defendant in this action.  Plaintiff cannot have it both ways, suing defendant individually while imputing the actions of her employer and its agents in the earlier lawsuit to her.

(D. Colo. July 3, 2007).  In addition, although plaintiff argues that a majority of relevant witnesses are located here, the location of potential witnesses is a consideration only when venue is demonstrated to be proper in the district in which suite was filed.  **Cf.** 28 U.S.C. § 1404(a) (2015).

Thus, I find and conclude that venue is not proper in this district.  When venue in the district in which suit is filed is found to be improper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a) (2015).  **See also Doering ex rel. Barrett v. Copper Mountain, Inc.**, 259 F.3d 1202, 1209 n.3 (10th Cir. 2001).  The court's decision between those options is reviewed for abuse of discretion. **See Johnson v. Christopher**, 233 Fed. Appx. 852, 854 (10th Cir. 2007) (citing **Ballesteros v. Ashcroft**, 452 F.3d 1153, 1160 (10th Cir. 2006), **remanded on other grounds on pet. for reh'g**, 482 F.3d 1205 (10th Cir. 2007)).

Although plaintiff's arguments in support of venue in this district ultimately are unavailing, it does not appear to this court that her choice of venue was so patently improper as to justify outright dismissal.  **See Johnson**, 233 Fed. Appx. at 854. Moreover, it is not entirely clear whether a dismissal may prejudice plaintiff's ability to refile this case in a proper district, such as by operation of the statute of limitations.  **See id.**  Given these considerations, I believe the better course is to exercise my discretion to transfer this case to the United States District Court for the District of Minnesota, which is both within the district in which defendant resides and the district in which a substantial part of the events underlying the claim occurred.  **See** 28 U.S.C. §§ 1391(b)(1) & (2) (2015).

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#19], filed December 9, 2015, is approved and adopted in part and, respectfully, rejected in part as follows:

    a. That the recommendation is approved and adopted to the extent it finds that service on defendant was improper; and

    b. That in all other respects, the recommendation is respectfully rejected;

2. That the objections stated in plaintiff's **Objection to Magistrate Recommendation Re Dismissal** [#26], filed January 11, 2016, are overruled in part and sustained in part, as set forth in the body of this order;

3. That defendant's **Motion to Dismiss or, in the Alternative, to Quash Service and Objection to Venue** [#8], filed September 11, 2015, is denied in part and granted in part as follows:

    a. That the motion is granted to the extent it objects to venue in this district; and

    b. That in all other respects, the motion is denied; and

4. That this case is transferred to the United States District Court for the District of Minnesota (300 South Fourth Street, 202 U.S. Courthouse, Minneapolis, MN 55415).

Dated February 19, 2016, at Denver, Colorado.

                                **BY THE COURT:**

                                */s/ Robert E. Blackburn*
                                Robert E. Blackburn
                                United States District Judge